IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEREMIAH HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-882-CFC-EGT |
| | ) | |
| BRIAN EMIG et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jeremiah Hinton, an inmate at James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED. The Court also recommends that Plaintiff's motion for a preliminary injunction and restraining order (D.I. 8) be DENIED.

## I. BACKGROUND

In April 2026, "DDOC Counselor" Defendant Zelaya filed a petition on Plaintiff's behalf to modify his sentence under 11 *Del. C.* § 4217. (D.I. 3 at 3 & 5). The petition was ultimately denied because of a five-year mandatory sentence, which Plaintiff claims is incorrect. (*Id.*). In Plaintiff's view, Defendant Zelaya's lack of training caused the petition to be filed incorrectly. (*Id.*). Plaintiff alleges that Defendant Hollis co-signed the "violation" and Defendant Emig approved it. (*Id.*). Plaintiff claims that, as a result of his petition being denied, he has experienced physical and emotional damage including loss of facial hair due to stress, suicidal thoughts and deprivation of life and freedom. (*Id.*).

On July 20, 2026, Plaintiff filed this action against Defendants Warden Brian Emig, Stacy Hollis and C. Zelaya (collectively, "Defendants"). (*See generally* D.I. 3). Plaintiff alleges that the foregoing conduct by Defendants violated Plaintiff's Fourteenth Amendment rights. (*Id.* at 5). Plaintiff sues Defendants only in their official capacity and seeks only money damages. (*Id.*).

## II. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff is suing Defendants only in their official capacity and only seeking money damages. (D.I. 3 at 2, 3 & 5). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

(internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam). Therefore, Plaintiff's § 1983 claims for money damages against Defendants in their official capacity are barred by the Eleventh Amendment. Any claims against Defendants in their official capacity should be dismissed and with prejudice. There are no other claims asserted in the Complaint.

**B. Preliminary Injunction and Restraining Order**

Plaintiff filed a motion for preliminary injunction and restraining order. (D.I. 8). A preliminary injunction cannot issue unless a plaintiff demonstrates a likelihood of success on the merits and that irreparable harm will occur in the absence of an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The requested injunctive relief must be properly based on the operative pleading. *See Fatir v. Connections Cmty. Support Programs, Inc.*, C.A. No. 18-1549-CFC, 2020 WL 360895, at *1-2 (D. Del. Jan. 22, 2020). As set forth above, Plaintiff fails to state any plausible claim for relief in his Complaint and, as such, Plaintiff's motion seeks to enjoin conduct not found in any operative pleading. Plaintiff's motion should be denied.

**C. Leave to Amend**

The Complaint only asserts claims against Defendants that are barred by sovereign immunity – claims that should be dismissed with prejudice. Although the Court suspects that Plaintiff cannot state any plausible claim for relief based on the complained-of events, the Court recommends that Plaintiff be given one opportunity to amend. Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself without reference to previously

filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that all claims against Defendants in the Complaint (D.I. 3) be DISMISSED WITH PREJUDICE and that Plaintiff's motion for preliminary injunction and restraining order (D.I. 8) be DENIED. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to four (4) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: November 10, 2026

UNITED STATES MAGISTRATE JUDGE